COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-298-CR 

 

 

TIMOTHY BRETT GILLIAM, JR.                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 213th
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant pled guilty to sexual assault and was
placed on deferred adjudication. 
Subsequently, the trial court found that he had violated the terms of
his deferred adjudication community supervision and sentenced him to four years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  Eight months later, Appellant
filed a motion for DNA testing, and the trial court denied the motion.  In one point, Appellant contends that the
trial court improperly considered his admission that he had sexual intercourse
with the complainant in denying the motion. 
Specifically, Appellant contends that the trial court improperly
considered his guilty plea.  Because we
hold that the trial court did not err by denying Appellant=s motion
for DNA testing, we affirm the trial court=s
judgment.

Article 64.03 of the Texas Code of Criminal
Procedure provides in pertinent part,

(a) A convicting court
may order forensic DNA testing under this chapter only if:

 

(1) the court finds that:

 

. . . .

 

(B) identity was or is an issue in the case; and

 

(2) the convicted person
establishes by a preponderance of the evidence that:

 

(A) the person would not
have been convicted if exculpatory results had been obtained through DNA
testing; and

 

(B) the request for the
proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.

 








(b) A convicted person
who pleaded guilty or nolo contendere in the case may submit a motion under
this chapter, and the convicting court is prohibited from finding that identity
was not an issue in the case solely on the basis of that plea.[2]

 

To determine whether identity was or is at issue, the trial court is
permitted to consider the defendant=s
admissions and confessions.[3]

The trial court issued the following findings of
fact that are supported by the record:

3.     [Appellant admitted that he and] the complainant Aboth went to bed and had
great sex several times during the night@ of the alleged assault;

 

4.     Appellant asserted that the sexual contact was consensual;

 

5.     Appellant admitted that he committed the act that was alleged as
the crime;

 

6.     Appellant admitted that he was with [the complainant] at the
time of the alleged assault.

 

The trial court determined that identity was not an issue.








Applying the appropriate standard of review,[4]
we hold that the trial court correctly held that identity was not an
issue.  Appellant=s guilty
plea did not remove identity as an issue; it was never an issue.  The record shows that the only issue in the
case was consent.  The record contains no
allegation that another person entered the house and sexually assaulted the
complainant, nor does it contain any contention that any person was present at
the time of the offense other than the complainant and Appellant.  For these reasons, we overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  April 6, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art. 64.03(a), (b) (Vernon Supp. 2005).





[3]Bell v. State,
90 S.W.3d 301, 308 (Tex. Crim. App. 2002).





[4]See Smith v. State, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002).